NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZURI SANA KABISA YOUNG, AKA Zuri S.K. Young, AKA Zuri Sanakabis Young, | No. 18-15526 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-01671-LJO-SAB |
| v. | MEMORANDUM* |
| M. VOONG, Chief of Appeals; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted September 12, 2018**

Before:     LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

California state prisoner Zuri Sana Kabisa Young, AKA Zuri S.K. Young,

AKA Zuri Sanakabis Young appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional claims. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Young's due process claim arising from the confiscation of his personal property because Young had an adequate postdeprivation remedy under California law. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) ("California [l]aw provides an adequate post-deprivation remedy for any property deprivations.").

The district court properly dismissed Young's due process claim arising from the treatment of his prison appeals because Young "lack[s] a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

The district court properly dismissed Young's retaliation and conspiracy claims because Young failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)

(elements of a retaliation claim in the prison context); *Cassettari v. Nevada County, Cal.*, 824 F.2d 735, 739-40 (9th Cir. 1987) (insufficiency of allegations to support a § 1983 violation precludes a conspiracy claim predicated upon the same allegations); *see also Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992) (plaintiff must allege "specific facts to support the existence of a conspiracy among the defendants").

We reject as without merit Young's contention that the district court acted unlawfully by dismissing the action after granting in forma pauperis status.

We do not consider issues or arguments not specifically and distinctly raised in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-15526